Will the clerk please call the first case? 325-0164-WC Innovative Staffing Appellant by Daniel Lovato v. Illinois Workers' Compensation Comm'n et al., Conrado, Areola, Appalee by Bretton Schmitz. Mr. Lovato, you may proceed. Thank you, Your Honors. This case, as I'm sure you're all well aware, doesn't involve, the reason for this appeal does not involve the actual injury at question. It's one of a procedural question in this matter. At arbitration, the employee was awarded certain medical and surgery, which again are sort of irrelevant at this point because we took that up on appeal. We appealed the matter to the Circuit Court of Kane County. The appellate documents were originally filed on September 23rd, which was 19 days after the commission's decision was received. A few days thereafter, Kane County rejected the appellate documents. However, the reason for rejecting the appellate documents to the Circuit Court was that there was no issue materially with these documents. However, the filing attorney's ARDC number was not properly registered with Kane County. Again, it had nothing to do with the timing of what was filed or the material aspects of what was filed. Based on this, they were then accepted a few days later on October 10th. Hello, Mr. Lovato? You there? Yes, Your Honor. Okay. Are you off on the days, when was the deadline day? To file the... It would have been September 24th. Okay. The deadline day, how do you figure that day? It's based on the Illinois Workers' Comp Statute, which allows for 20 days from receipt of the commission's decision to file a review in Circuit Court. So, 20 days after September 4th would have been September 24th. Okay. So, there's no dispute between you and opposing counsel on that as being the deadline day? Not that I'm aware, Your Honor. I see. Okay. Thank you. Yes. And so, to sort of pick up where I left off again, as Your Honor just pointed out, there is no dispute when these were originally filed that they were originally filed in the granted 20 days under Section 19F1 of the Workers' Comp Act. However, because they weren't accepted, and again, the reason that they were rejected is nothing material wrong with them other than the ARDC number not being... Mr. Lovato, your case sounds like the poster child for Rule 9D, Illinois Supreme Court Rule 9D, but you never filed a motion under that rule. No, Your Honor, we did not. We believed that as long as we had just registered my ARDC number, the date of our filings would have been held and accepted. We did not file a 19D, You're correct, Your Honor. Would you be able to? Your Honor, at the moment right now, since we are on appeal on the issue, I am not sure if we'd be able to file a 19D at the present moment. Oh, okay. So 19D, you're back into Supreme Court rule territory, am I correct? You're correct, Your Honor. It's Rule 990, not 19. 90, excuse me. 90, excuse me. Yeah, and what authority is there for the Supreme Court Rule 90 to be even applicable to a review before the circuit court from an agency such as... I would have to look. I believe because we're on appeal for a different issue that it wouldn't be applicable currently. I would have to look into authority for that. Again, since we hadn't filed a 9D, to be completely honest with you, I haven't... Well, isn't the authority to have a review by the circuit court created in the statute? Yes, Your Honor, but the authority... Doesn't the statute say you have 20 days if you want to seek an appeal before the circuit court? It does, Your Honor. I believe that you'd be correct. However, even if that was the proper avenue, we still would have been within the 20 days based on our original filings that were filed on September 23rd. Okay. And I believe it's, again, Section 19F1 of the COMP Act is what provides the administration decision from the commission up to circuit court, which is also 20 days, Your Honor. Do you have any idea why it's 20 days in the Supreme Court Rule? Or not Supreme Court Rules, the commission rules? Why it's 20 days? I couldn't tell you why. If you want me to make my best educated guess, I could certainly do that. Yeah. I believe that it's because they seek to have these things. Since it's already gone through an arbitrator as well as a panel of commissioners, they would like to have these done in a timely fashion. And 20 days is relatively timely compared to certain other statutes. Like, for off the top of my head, I know for a breach of contract, you can file that within five years of the contract. Basically, general jurisdiction is court. Correct, Your Honor. Okay. Never known for particular timeliness. Sorry, what was that? You broke up for a second. Never known, editing, I'm giving an opinion, never known for particular timeliness in resolving disputes. Mm-hmm. Okay. Your educated best guess seems right on the point. Thank you, Your Honor. If you have another question, or should I- No, I don't. Continue on. Thank you. Okay. Thank you. And again, so what happened is- Mr. Lovato, let me ask you this. You haven't invoked Rule 9D, but you're asking for some grace here. And so what's your argument about why we should grant you some grace? Because I believe it was wrongly dismissed based on case law and statutory law, and also the- But that's the merits, right? I mean, that's the merits. Yeah. And I was getting there because I believe this matter is one that should be in the Supreme Court has actually directed this in the case Jones, that cases such as this should be allowed to be, they favor it being decided on the merits rather than a narrow technical ground. And what the circuit court did here was actually dismiss it on a narrow technical ground rather than allowing it to be heard on the merits. In fact, they also discussed- Oh, but I mean, if that was the rationale, then any late filed appeal would be allowed to proceed so we could reach the merits. I mean, as you recognize, there's tremendous value in the law to the concept of finality, right? Right. And Your Honor, and again, I don't believe this was a late filing. It was rejected because of an odd quirk at King County that required my ARDC number to be registered, which we had no way of knowing prior to that because I had never filed an appeal at King County. Did you ever look for the local rules? I don't believe it was in the local rules. Okay, so the examiner knows it's not in the local rules that if you're in a King County court, you have to register your ARDC number? Your Honor, I cannot represent to you whether I know that to be the case or not. Okay. However, again, I believe if you look at an excited case law in my brief that talks about how the word commence as it's put in 19F1 is sort of an ambiguous term under Druzecka as well as Jones. It discusses how what really commences it is a case of notice. And that notice being given was, I'm sorry for stumbling over my words a little bit here. I want to make sure that I am quoting it right. Is that it's a base on the request for someone's for appeal, which again was filed within that 20 days. It just wasn't accepted by King County because of that odd court for my ARDC number. That constitutes notice which opposed Mr. Schmitz and the employee plainly admit they had noticed that we were going to appeal this within the 20 days. Bruce, both of you. You filed 36 days after receiving the decision. I mean, this isn't even close. 36 days after, Your Honor. Again, we filed on September 23rd. It was refiled after we became aware that it had been rejected because of the ARDC issue. That was when it was refiled. It was originally filed on September 23rd, which again, the employee plainly admits that and he had received the notice to comment that that would have been within the original 20-day jurisdictional term limits. So, I do understand that. How many days from your awareness that, you know, how many days till you actually got a decent or correct filing before the King County Court? As soon as we became aware that that's why it was not filed, we rectified it as soon as we could. The issue, Your Honor, was that King County actually didn't even notify us until four days after. And the way they notify it, you know, I never properly was notified because it was an email that came to my junk email. And then after we were trying to contact them and wondering why we haven't got confirmation that all this was filed. And when we were able to get them on phone, that was when we found out what the issue was and we moved as quickly as we could to rectify it thereafter. Okay. I mean, most lawyers might want to give them a call the next day and say, hey, I didn't get a confirmation of filing. What's going on? In Your Honor, I think that's a thing that I certainly will do going forward here. It didn't occur to me because we had filed similar appeals in, for example, Cook County and never had an issue based on, you know. But you weren't in Cook County anymore, were you? I was not in Cook County. That is correct, Your Honor. How many counties are there in Illinois, if you know? I would have to look that up, but I know it's quite a few. How about 102? I was going to guess it was around 100. I believe that sounds right, Your Honor. Okay. And if you're outside of the county you practice in, consulting local rules, although you said it wasn't in a local rule. I did not say it was a local rule. I said I couldn't represent to you whether I know it is or it is not in the local rules, Your Honor. Well, I very best practice when you're no longer in your home town, you find out what the rules are outside of your home town. Yes, Your Honor. I agree, and that was oversight on our part that we should have. And if it was in the local rules, which again I can't represent to you whether it is or is not, I'm sure we would have seen that. However, you can't use an argument that, well, in my county it doesn't work that way. No, Your Honor. That wasn't, I'm trying to base my argument on that. I was just trying to respond to Justice Taylor's question about why we initially did not call the following day. Okay. Thank you. Counsel, this is a small point, but I just want to try to flesh it out with you. You've argued that at times you've stated that it was filed, but it needed this amendment, which was the ARDC number. You keep using the term filed, but it really isn't filed until the clerk accepts it as filed. I mean, I just, I know that's obvious, but how are you arguing that? Give me some more information. Well, sure, Your Honor. And again, I want to be clear. The issue wasn't that my ARDC number wasn't on the filings. It was on the filings. The issue was that the ARDC number was on the filings. Pre-registration. Correct, Your Honor. And so, as to your point, as I discussed in my brief, the word commence, as it relates to 19F1 of the statute, discusses how it's ambiguous and it's a question of notice and whether there's prejudice to the employee. Because the employee has, one, conceded that he had noticed that we were filing and conceded that we at least, if you want to say attempted to properly file on September 23rd. That is why I consider that to be the proper day. And again, it's not anything materially wrong. It's sort of an odd quirk. And had I been required to file it in person rather than online, I'm sure I would have registered myself that day while I was there. I know that's not an excuse, but I believe it goes towards the idea of prejudice. And in fact, the employee has never even once alleged that he's being prejudiced in this situation if we were allowed to proceed on the merits rather than this narrow technical ground. Well, I said to him, why are we using this word narrow technical ground all the time? That's how it appears in the case of Jones, the Supreme Court case. And so, I believe if the Supreme Court uses it, I tend to believe it may be important verbiage that I would like to use as well. So a lot of following up on that. What do you think is the rationale or purpose behind the requirement of the clerk that an attorney register with the clerk? Do you have any idea of what the rationale might be for that? Again, Your Honor, I couldn't tell you for certain if I had to, again, sort of use my best educated guess. I would imagine that the King County uses it as sort of a way to ensure that, one, it's an attorney who's authorized to practice law, and two, that it's an attorney that's authorized to practice law within the state of Illinois, and three, to ensure that it is the same or this person is lawfully representing the client they say they are. That is what I would take my best educated guess as to be that requirement for. Sounds right to me. Could it possibly be that, and again, there's 102 counties, and unfortunately, there was never anything uniform in requiring from the Supreme Court that every county have the same software program? That certainly could be. And that it's a software program requirement for the subsequent processing of your filing. That could be, Your Honor, but I would imagine if it was a software requirement that while we were attempting to file them, they would have required me to put in my IRDC number, and it would have said, oh, this isn't registered. I believe if that would have been the software requirement. However, again, because that wasn't the situation we were in, I can't tell you for certain. Yeah, we are asking speculation for the purpose, and we understand, yeah. And I'm more than happy to answer. Mr. Lovato, your red light is on, your time is up. Do you have a one statement, Summer? You will have time in rebuttal. Yeah, I'll reserve for rebuttal. I think we've flushed out the issues and questions enough, I'll pass my time to Mr. Schmitz now. Okay, thank you. Any questions from the court? Other questions? Okay. Mr. Schmitz, you may respond. Good morning, and may it please the court. Brenton Schmitz on behalf of the appellee in this case, Conrado Arriola. I want to begin by addressing a few of the questions that were asked of the appellant during his argument. And I will note that, you know, as we are doing these arguments electronically, I have the benefit of having a computer in front of me and being able to answer some of those questions. So no shade to the appellant in his argument. Justice Holdridge, you had asked about the deadline for commencing the circuit court review of the commission's decision. The statutory deadline is 20 days from the party's receipt of the decision of the commission. In this case, the decision was rendered on September 4th. And although in the past, the commission issued its decisions to the parties by certified mail, at all times relevant to this case, the commission issues its decision on the day that they are entered by electronic delivery through the court's e-filing system. So I don't believe there's any disagreement that September 4th is the day the parties received the commission's decision, and thus the deadline for commencing review would be September 24th. I think the parties are in agreement about that. Justice Taylor, you had asked about a 9D2 motion Appellant did not file a 9D2 motion at the circuit court in this case, did not raise Rule 92. Who raised it? The 9D2 was not raised until it was raised by the circuit court itself sua sponte at oral arguments. I did not raise it in my response brief at the circuit court because of course it was not raised in the initial brief. My understanding of the case law, primarily relying on the facts. Was it error for the circuit court to analyze the issue under Supreme Court Rule 9D when it's the rule that clearly applies to the fact situation and a rule that the Supreme Court enacted because there was widespread frustration among the bar for these very types of situations? Justice Taylor, I think that's a very, very good question. And I think to answer that first, we should talk a little bit about what's happened with Illinois Supreme Court Rule 9 over the last couple of years. You know, the bar has seen over the last, I believe, two years, we have seen five separate revisions to Illinois Supreme Court Rule 9 from the Supreme Court. I think that tells us the Supreme Court is grappling with the very issue that the appellant is facing in this case, the issue of filings being made close to a deadline, particularly commencing a review or statutes of limitation. And the Supreme Court has been trying to solve that issue for us. Under the version of Rule 9D2 in effect for this case, my understanding is that relief under Rule 9D2 can be sought by any party at any point. It could be raised in a motion or it could be raised in response to a motion to dismiss on a showing of good cause. Under the current version of Rule 9, which is not applicable in this case, relief must be sought by the party within five days of the clerk's rejection of the filing and the good cause requirement has been removed. So to get more directly to your question, Justice Taylor, I think the circuit court was correct to some extent to analyze this under Illinois Supreme Court Rule 9D2. The argument that I understand appellant is making and made at the circuit court is rather than view this as a 9D2 question, I believe what appellant is arguing is that the definition of commence under the Grusecca case should be extended to encompass a filing that is rejected by the clerk. As you know, in the Grusecca case, the court told us, this court told us that the mailbox rule applies to the commencing of a review of a commission decision. What the Grusecca case does not talk about and does not address is what happens if that mailed filing is rejected by the clerk. In Grusecca, the filing attorney mailed all of the appropriate documents and the appropriate amount of money to the clerk before the 20-day deadline. Those documents were received after the 20-day deadline and they were deemed to have been filed on the date of mailing. What we don't know for sure is, were the documents defective? In the Grusecca case, my understanding is the documents were not defective, which then leads to the question, what if the documents are defective? What if the appropriate filing fee is not made and the clerk then rejects the documents? Grusecca doesn't tell us the answer to that, but I think the answer has to be that that's the risk that an attorney takes when they file documents by mail. They're taking the risk that if that's rejected and it was received after the 20-day deadline, that they're out of luck. Now, that is not an issue that is- Do you characterize the documents filed by opposing counsels defective? Or that were sent to the clerk? Not considered filed, but were sent to the clerk? In this case, the documents themselves, I do not believe were defective. The documents that were attempted to be filed in September were identical to the documents that were ultimately filed and accepted in October. The issue was that, you know, as counsel pointed out, counsel's ARDC number was not pre-registered with Kane County, which, you know, gets back to a question that was asked by you, Justice Holdredge, is there a local rule that requires that? And the answer to that is that that's Kane County Local Rule 2A.03, which requires an attorney to pre-register their ARDC number before e-filing. So, that gets into then, I suppose, an issue that was not yet raised in this case of whether the rejection is proper, to which we look to the Illinois Supreme Court's electronic filing standards, which tell us that it is appropriate for a clerk to reject documents that are not in compliance with a local rule. So, in that sense, it appears the clerk's rejection of the originally submitted documents was appropriate under the Supreme Court's electronic filing standards. So, as I understand, you know, getting back, I guess, to the question raised by Justice Taylor, I think the circuit court was trying to do the parties, I guess, a favor in analyzing this under Rule 9D2, because I think that's probably the relief that appellant would have had the best shot at. The alternative is the argument the counsel is making, which is that the holding in GRUZEKA should be extended and the definition of commence should be extended to include a filing that is submitted but is rejected by the clerk. And I don't think GRUZEKA goes that far. If GRUZEKA goes that far, then, you know, not to be alarmist, but it seems that statutes of limitation and timing requirements for, you know, commencing reviews start to lose some of their importance and start to lose their meaning. And as we have talked about today, this morning, the Illinois Supreme Court has been grappling with this question, and the Illinois Supreme Court has amended Rule 9D2 or amended Rule 9, I should say, five times over the various years. If the Illinois Supreme Court was of the mind to extend the holding in GRUZEKA and extend the definition of the word commence, well, that would have been a much simpler method of resolving the issues with Rule 9D2 rather than continuing to amend it and amend it now the way they have with the five-day requirement and no requirement for a showing of the cause. So I think the argument that the counsel is making here that that GRUZEKA should be extended and the definition of the word commence should be extended is a bridge too far. I would submit that if the clerk's office rejects a filing within the grounds that are allowed for a clerk to do so, in this case under the electronic filing standards for violation of a local rule, that an action cannot be considered commenced if the documents are rejected by the clerk, and the action cannot be considered commenced until either the documents are accepted by the clerk within the deadline or a court issues appropriate relief under Illinois Supreme Court Rule 9D2, which is not what happened here. So that takes us, I suppose, back to something we haven't talked about yet, which is the standard of review. The standard of review for dismissal of a case is de novo, but the standard of review for whether or not the circuit court was correct in allowing or denying relief under Rule 9D2 is an abuse of discretion. So which standard are we using here? Well, I think it's multiple questions. First, we have to decide if this is a request for relief under Rule 9D2, and I think counsel's been pretty clear that it's not. And, you know, a party is afforded the opportunity to choose their poison and decide how they want to present a case and how they want to proceed with the case. You know, appellant has proceeded with the argument that, you know, the holding in Griseca should be extended as opposed to seeking relief under Rule 9D2, and a party is allowed to determine its own strategy and how it wants to present a case. So in that sense, I would view the de novo standard as appropriate, because Rule 9D2 is not being invoked by the party. Can I ask just for explanatory purposes, do you think there's still a good faith, or excuse me, a discretionary standard under Rule 9, given the recent amendment that changed for good cause to, you know, the courts, the court shall grant for good cause shown. Now it just says the court shall grant. You get in, whether you're rejected five days, whether you're rejected or whether it's for technical reasons based on the system, it seems to me, maybe I'm not reading it right, that you've got five days to figure that out, and if you get in within the five days, the court shall grant the motion. So there, I guess, and I'm really asking, would it then be de novo on our part, or is it still discretionary, given that the amended rule says shall? So I think, Justice Mullen, and first I want to be cautious. I'm not at all conceding that the current version of Rule 9 applies to this case. We're talking in a different world. An excellent point. Thank you. So I think, Justice Mullen, under the current version of Rule 9, the term good cause is deleted and, you know, the rule states the court shall grant relief under Rule 9. So I think that removes a lot of the circuit court's discretion whether or not to grant the motion. But the rule does also include, I believe, and I don't have it in front of me, but I believe the current version of the rule also contains a requirement that the initial rejected filing and then the refiling need to be effectively identical. So a party can't, you know, just essentially file a placeholder document, get it rejected, and then have five more days to file. That's not really relevant to our case, is it? No, I don't believe it is, Justice Holdridge, because in this case, that version of Illinois Supreme Court Rule 9 did not go into effect until May of 2025. Thank you, counsel. Thank you. So that's not really to this case. I think that's accurate, Justice Holdridge. So in this case, I do want to take a look very briefly at, you know, what the circuit court did here in analyzing this under Rule 9.2. And the circuit court analyzed this. The Kilpatrick case tells us that when the circuit court has a motion for relief under this version of Rule 9.2, they need to consider the totality of the circumstances. And, you know, we, the parties came in on an agreed motion to include the transcript of the circuit court hearing on the motion. And so we have the court's own words. And the court tells us that they did consider the totality of the circumstances. The court considered the documents that were filed. The court considered the fact that the clerk's office in this case sent an email to the appellant essentially saying, hey, your ARDC number isn't registered. You need to fix this. And if you do, we'll accept the filing. And then several days went by without response. Then the clerk's office ultimately rejected the filing. So one of the things I think the circuit court was looking at in terms of good cause is, you know, were you given an opportunity to correct this and avoid the issue? And the circuit court said you were given that opportunity and you didn't take advantage of it. And that, you know, cuts against the idea that there's good cause here. And I think the circuit court was right to consider that. I think that's an appropriate consideration of whether or not good cause is being shown. So that being said, Justices, I think ultimately in this case, you know, whether we view it as, you know, an extension of the definition of commence and grusecca, or it's viewed as a request for relief under rule 92, I think even under the de novo standard of review, this court needs to affirm or should affirm the circuit court's findings here. Thank you, Justices. Any questions for Mr. Schmitz? No? Okay. Thank you. Mr. Lovato, you may reply. Sure. Thank you, Your Honor. I briefly want to just address what was sort of counsel's, one of his main points that he kept saying, that we're asking for an extension of the word commence. That's a mischaracterization of what we're asking. We're asking for it to be read as the way it is in grusecca, where commence is a little ambiguous. And effectively, we did commence when we provided proper notice, when we attempted to file again. I will concede that we would have properly abided by the King County local rule. However, I don't believe that takes us out of the world of commencing this appeal when, as counsel then mentioned, that these filings need to be effectively identical. They were not effectively identical. They were identical and just refiled once the ARDC registration number was registered. So, I think that has to be taken into account. Counsel talked about Kilpatrick and how the circuit court discussed the totality of the circumstances. I don't believe they looked at the totality of the circumstances based on our briefs without providing either of us a chance to expand further or ask questions or be discussed during an oral argument. They just ruled, the judge ruled from the bench. Had the totality of the circumstances been discussed again, I would have brought up the fact that, yes, the King County attempted to reach us by emails. I believe the original email was sent almost four or five days after September 23rd. And again, I did not receive that email because it went to a junk folder. Had I received it, we would have rectified that immediately. And as soon as it came to our attention that these filings were rejected for a reason, not knowing what that reason was until we called, we moved to rectify that as soon as possible. The last thing I want to say... You had an opportunity to express your position in your written papers that you submitted to the court, right? Yes, your honor. I mean, and is there any, you know, I'm not aware of any rule that, you know, requires oral argument on motions in the court. I'm not arguing that there should be or that we were required to have the oral argument. I'm responding to counsel's point regarding the totality of the circumstances. Is the issue as to whether that email was actually received was not raised until the judge ruled on that issue and discussed the totality of the circumstances. So you're saying that you would, had you been in court, this could have been addressed, you're saying? It could have been, and I understand, I'm sure your point of coming would be, well, it could have been addressed in the briefs and you'd be correct had I foreseen that issue having been raised at all. I would have addressed it prior to any opportunity that may or may not have come at oral argument. Yeah, well, I will say the great thing about the state courts is unlike the federal courts, you actually get to appear in court and make an argument. There's a lot of great things about the state court, but the federal courts don't, too, but we could spend much time on that, but that's not why we're here. And so to sort of close my argument here, I'll try to briefly put what it is. Again, the idea of prejudice still has not been raised by counsel. At no point does he say, hey, I'm prejudiced, if we allow the word commenced to mean what it means in Gruszeka and say this was commenced on the 23rd, not the 14th or the 10th, I believe, when it was accepted. The case law and the statutory law doesn't say accepted, it says commenced and commenced has been read to be ambiguous. It also takes into questions of notice, which the employee plainly admits he has, questions of prejudice, which the employee at no point raises that he's being prejudiced in this matter. Again, I'm not asking for an extension of any statute. I'm asking for the statute to be read the way it has been under a previous case law. Thank you, your honors. Any questions from the court for Mr. Lovato? No? Okay. Thank you, counsel, both, for your arguments in this matter this morning. It will be taken under advisement. A written disposition shall issue in this matter. At this time, the clerk will escort you from our remote courtroom and we'll proceed to the next case. Thank you, your honors.